NOT FOR PUBLICATION                                                          CASE CLOSED

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IN THE MATTER OF DAVID LEON SEYMOURE and TRACY ANN SEYMOURE; IN THE MATTER OF WILLIE JAMES YARBROUGH, : : : : : : : : : : | Civil Action No. 07-4960 (JAP) Civil Action No. 07-4967 (JAP) **OPINION** |
| Debtors. |  |

Presently before the Court is Appellant, State of New Jersey, Department of Labor's ("Appellant" or "NJDOL") appeal of the final Order of the United States Bankruptcy Court, District of New Jersey dated September 6, 2007, awarding attorney's fees and costs to Debtors, David and Tracy Seymoure and Willie Yarbrough ("Debtors"). The Debtors oppose the appeal. On September 18, 2007, the actions were consolidated as they were simultaneously heard and decided by the Bankruptcy Court and the facts and issues are similar. The Court exercises appellate jurisdiction in this matter under 20 U.S.C. § 158(a). *See Matter of Halvajian*, 216 B.R. 502, 508 (D.N.J.), *aff'd*, 168 F.3d 478 (3d Cir. 1998) (citing 28 U.S.C. § 158(a)(1)).

I.   **Background**

Both Debtors filed for unemployment benefits in 1997 and 1998, which the NJDOL paid based on Debtors' representations that they were unemployed and, therefore, eligible. On the contrary, however, it later appeared that both Debtors were employed during the time they

received unemployment benefits; thus, they were not entitled to any of the weekly benefits paid during any period of employment. Upon learning this information, the NJDOL determined that Debtors had committed fraud and were liable to refund the benefits, which they had improperly received. Debtors did not challenge that determination.

Meanwhile, on July 31, 2004, Debtors David and Tracy Seymoure ("Seymoure") filed for Chapter 13 bankruptcy; and, on July 1, 2005, Debtor Willie Yarbrough ("Yarbrough") also filed for Chapter 13 bankruptcy. The NJDOL filed a proof of secured claims in the amount of $2,914.32 on July 16, 2004 as to Seymoure and one for $8,381.66 as to Yarbrough. Through recoupment,[1] the NJDOL recovered $987.00 from Seymoure and $2,509.00 from Yarbrough. The NJDOL did not seek relief from the automatic stay.

On March 21, 2007, Debtors filed separate Motions to Compel Issuance of Unemployment Insurance Benefits. The NJDOL opposed the motions. On June 5, 2007, the Bankruptcy Court held that the NJDOL violated the automatic stay of the bankruptcy proceedings by recouping Debtors' unemployment benefits, even though Debtors had fraudulently obtained those benefits. The Bankruptcy Court further found the violation of the stay to have been "willful" and directed Debtors' attorney to file a certification of fees.[2] Debtors'

---

[1] Recoupment, in the context of bankruptcy, is a doctrine that "allows the creditor to assert that certain mutual claims extinguish another in bankruptcy, in spite of the fact that they could not be 'setoff' under 11 U.S.C. § 553." *Lee v. Schweiker*, 739 F.2d 870, 875 (3d Cir. 1984); *see also Univ. Med. Ctr. v. Sullivan*, 973 F.2d 1065, 1079 (3d Cir. 1992) ("Recoupment is the setting up of a demand arising from the same transaction as the plaintiff's claim or cause of action, strictly for the purpose of abatement or reduction of such claim."). Here, the NJDOL withheld Debtors' unemployment benefits claiming that it was recouping past money that was owed to them due to Debtors' previous misrepresentations of unemployment.

[2] Debtors share the same attorney, William H. Oliver, Jr., Esq.

attorney filed an application seeking an award of $1,598.03 in fees and costs on behalf of Seymoure and $10,571.53 on behalf of Yarbrough. The NJDOL opposed those applications.

On September 6, 2007, the Bankruptcy Court ordered the NJDOL to pay Debtors' attorney $5,000 in fees plus $60.53 in costs. The Order did not allocate the award between the two cases, nor did it contain a statement of the Bankruptcy Judge's reasons for setting the amount of the award. The NJDOL timely appealed the Order awarding fees and costs, but did not challenge the finding that the agency had violated the automatic stay.

## II. Legal Discussion

### A. Standard of Review

Federal Rule of Bankruptcy Procedure 8013 provides in pertinent part: "On appeal the district court...may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. A bankruptcy judge's findings of fact "shall not be set aside unless clearly erroneous." *Id.*

As this appeal raises only a legal issue, the Court shall review the Bankruptcy Court's conclusion of law *de novo*. *I.R.S. v. Pransky*, 261 B.R. 380, 384 (D.N.J. 2001); *see also Brown v. Pa. State Employees Credit Union*, 851 F.2d 81, 84 (3d Cir. 1988).

### B. Analysis

A violation of a bankruptcy stay does not, in itself, trigger an award of attorney's fees and costs. Rather, the violation must be a "willful" violation. Title 11, Section 362(k), formerly

-3-

362(h), of the United States Code states, in relevant part:

> "An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees."

This appeal is limited to the issue of willfulness.

The Third Circuit in *Univ. Med. Ctr. v. Sullivan*, 973 F.2d 1065 (3d Cir. 1992), held that a violation of an automatic stay is not "willful" if the law regarding the alleged violation is sufficiently unsettled as to make the conduct of the government agency arguably reasonable. In *University*, the debtor-university filed for bankruptcy and was granted an automatic stay. The defendant, the Department of Health and Human Services, sought to recover overpayments the agency had made to the debtor by withholding subsequent reimbursement payments. The District Court concluded that the defendant was not entitled to withhold money in order to recoup overpayments during the automatic stay, but denied the debtor's application for attorney's fees. The Third Circuit affirmed, reasoning that since the law was unsettled as to whether the defendant's actions violated the stay, and because there was persuasive legal authority to support the defendant's actions, the defendant had arguably acted in good faith and could not be held to have willfully violated the stay.

Since the *University* decision, however, there have been amendments to § 362 due to the adoption of the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA") in April 2005.  Notably, subsection (h), which dealt with "willful" violations of automatic stays, was redesignated as subsection (k), and a new subsection (h) was inserted.  Further, Paragraph 1 of subsection (k) was amended to include an exception to the subsection, which was provided by the addition of Paragraph 2 to the subsection.  Paragraph 2 of § 362(k) now states, in relevant

part:

> "If such violation [of the automatic stay] is based on an action taken by an entity in good faith belief that subsection (h) applies to the debtor, the recovery under paragraph 1) of this subsection against such entity shall be limited to actual damages."

Prior to the § 362(k) amendments, the statute was ambiguously written to allow for a "good faith" exception such as the one the *University* court applied. It appears, however, that Congress, in explicitly stating that the "good faith" exception applies to the circumstances provided in subsection (h), intended to limit the exception to only those situations. The bankruptcy court in *In re Mu'min*, 374 B.R. 149 (Bankr. E.D. Pa. 2007), addressed how these amendments to § 362(k) affected the "good faith" exception for violating an automatic stay carved out by the *University* court. The *Mu'min* court found the university's action was a "willful" violation of the automatic stay and determined that the *University* decision was legislatively overruled by the adoption of the BAPCPA and held that no such "good faith" exception exists. *See Mu'min*, 374 B.R. at 168-69.

With the amendments to § 362(k), the *Mu'min* court reasoned that the subsection now limits the "good faith" exception to Paragraph 2. "The express, statutory good faith exception is more limited than the one expressed in [University] in two distinct ways: (1) the limitation applies only to good faith violations of § 362(h)...." *Id.* Any other "good faith" defense to monetary liability fails. Thus, a court can only overturn an award of attorney's fees and costs if the actor held a "good faith" belief that subsection (h) applied to its situation.

The unsettled law concerning whether recoupment of fraudulently obtained unemployment benefits constitutes a "willful" violation of an automatic stay stems from an

inconsistency in this circuit as to how courts regard unemployment benefits.[3]  The Court recognizes that the law in this subject matter is unclear, and is inclined to agree with the *Mewborn* and *Sarmiento* courts that recoupment of the benefits should not be considered a "willful" violation.  The public interest is not served if the New Jersey Unemployment Trust Fund is "depleted by failure to recoup benefits erroneously paid to an unentitled recipient."[4]  *In re Mewborn*, 367 B.R. 529, 540 (Bankr. D.N.J. 2006).

However, the Court is constrained to conclude that the Bankruptcy Court's decision to award attorney's fees and costs was proper.  Although the NJDOL's actions could be supported by persuasive legal authority and would not be considered "willful" pre-amendment, under the revised § 362(k), this "good faith" defense is no longer permissible.  The only exception to the imposition of attorney's fees and costs is provided by Paragraph 2 in § 362(k).  Those

---

[3] Some liken unemployment benefits to Social Security benefits in that both types of benefits are government entitlements.  Under this theory, individuals have a property right in unemployment benefits in the same way they do with Social Security benefits.  These courts find that an automatic stay precludes a state agency from recouping fraudulently acquired benefits from debtors.  *See Lee v. Schweiker*, 739 F.2d 870, 875 (3d Cir. 1984) (distinguishing contract recoupment cases from social welfare benefit recoupment cases and reasoning that "a social-welfare statute entitling an individual to benefits," such as social security, "is not a contract;"  rather, "social welfare payments, such as social security, are statutory 'entitlements.'").  *See also In re Malinowski*, 156 F.3d 131 (2d Cir. 1998).

Other courts, however, do not recognize unemployment benefits as a statutory entitlement similar to Social Security benefits.  Individuals do not personally contribute to any unemployment benefits fund as they do with social security benefits; rather, they give to an unemployment insurance fund, which serves as a form of societal insurance.  Additionally,  individuals do not have a property right to the unemployment benefits as they do with social security benefits because there is no statutory entitlement.  Further, unemployment benefits can be discontinued whereas individuals are never disqualified from receiving social security benefits.  *See In re Mewborn*, 367 B.R. 529 (Bankr. D.N.J. 2006); *In re Sarmiento & Ramos*, No. 06-4729, 2007 U.S. Dist. LEXIS 67275 (D.N.J. Sept. 12, 2007)

[4] The *Sarmiento* court also determined that recoupment is proper where fraud is proven.  To hold otherwise, "would be a breach of fiduciary responsibility to allow wrongdoers to commit fraud without redress through protections afforded plaintiff under bankruptcy laws." *Sarmiento*, 2007 U.S. Dist. LEXIS 67275, at *8-9.

circumstances do not apply here.

In awarding attorney's fees and costs, however, the Bankruptcy Court's Order failed to state any reasoning for its award of $5,000 in fees plus $60.53 in costs.  Because there can be no meaningful review to the amount of the award, the Court remands the matter to the Bankruptcy Court, which shall state the basis for any calculation of the fees and costs.

### III.   Conclusion

For the reasons stated above, it is therefore the finding of the Court that the attorney's fees and costs assessed against the NJDOL was proper and the United States Bankruptcy Court's September 6, 2007 Order is affirmed.  The Order is also remanded for further proceeding.  An appropriate order follows.

/s/ JOEL A. PISANO
United States District Judge

Dated: March 12, 2008